UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BYRON K. BROWN,

        Plaintiff,

v.

ANTHONY ANNUCCI, Commissioner;
MICHAEL CAPRA, Superintendent;
F. CARABALLO, Correctional Sergeant;
J. AYALA, Correctional Officer; S. AMARO,
Correctional Officer; V. YOUNG, Registered
Nurse; K. GREEN, Correctional Officer; T.
BOWEN, Correctional Officer; M. BARNES,
Correctional Captain; "RODRIGUEZ" JOHN
DOE, Correctional Officer; JOHN DOE,
Correctional Officer; M. ROYCE, Deputy
Superintendent of Security; D. VENNETTOZI,
Director of Special Housing; L. MALIN, Deputy
Superintendent of Programs; and J.
DECKELBAUM, Correctional Sergeant,

        Defendants.

------------------------------------------------------------x

**AMENDED ORDER**
**OF SERVICE**

19 CV 9048 (VB)

Briccetti, J.:

    Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by

filing a complaint dated September 25, 2019, alleging defendants violated his constitutional

rights. (Doc. # 2).

    On October 29, 2019, the Court issued an Order of Service directing service of the

complaint on twelve defendants. (Doc. #5). The Order of Service further directed the New York

State Attorney General, by December 30, 2019, to ascertain and identify two John Doe

defendants named in the complaint so that they may be served. (Id.). That obligation remains in effect.

On November 20, 2019, without leave of Court, plaintiff filed a First Amended Complaint, dated November 13, 2019, which replaces the original complaint and adds a defendant who was not previously named in this case: Correctional Sergeant J. Deckelbaum. (Doc. #7). The First Amended Complaint does not add new substantive claims, but rather alleges J. Deckelbaum is, like the originally named defendants, responsible for plaintiff's alleged injuries. (Id.).

In view of plaintiff's pro se status, the Court accepts plaintiff's First Amended Complaint.

Accordingly, to allow plaintiff to effect service on J. Deckelbaum through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons listing this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant. The service address for this defendant is appended to this Order.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff also must notify the Court in writing if plaintiff's address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to complete the USM-285 forms with the address for the listed defendant and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk shall mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: November 22, 2019
      White Plains, New York

SO ORDERED

Vincent L. Briccetti
United States District Judge

## APPENDIX

1.     Correctional Sergeant J. Deckelbaum
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562