UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BYRON K. BROWN,
                    Plaintiff,

v.

ANTHONY ANNUCCI, Commissioner;
MICHAEL CAPRA, Superintendent; F.
CARABALLO, Correctional Sergeant; J.
AYALA, Correctional Officer; S. AMARO,
Correctional Officer; V. YOUNG, Registered
Nurse; K. GREEN, Correctional Officer; T.
BOWEN, Correctional Officer; M. BARNES,
Correctional Captain; "RODRIGUEZ" JOHN
DOE, Correctional Officer; JOHN DOE,
Correctional Officer; M. ROYCE, Deputy
Superintendent of Security; D.
VENNETTOZZI, Director of Special
Housing; and L. MALIN, Deputy
Superintendent of Programs,
                    Defendants.
------------------------------------------------------------x

**SECOND AMENDED ORDER OF SERVICE**

19 CV 9048 (VB)

Briccetti, J.:

      Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated September 25, 2019, alleging defendants violated his constitutional rights. (Doc. # 2).

      On October 29, 2019, the Court issued an Order of Service directing service of the complaint on twelve identified defendants. (Doc. #5). The Order of Service further directed the New York State Attorney General, by December 30, 2019, to ascertain and identify the two John Doe defendants named in the complaint—Correction Officers John Doe and "Rodriguez" John Doe—so that they may be served. (Id.).

      Plaintiff filed an amended complaint dated November 13, 2019. (Doc. #7). The amended complaint named and identified an additional defendant, but also contained the same

1

allegations against John Doe and "Rodriguez" John Doe as stated in the original complaint. (Id.). On November 8, 2019, the Court issued an Amended Order of Service to effectuate service on the newly named defendant. (Doc. #8). This Order noted the New York Attorney General's obligation to ascertain and identify John Doe and "Rodriguez" Doe Joe remained in effect. (Id. at 1–2).

I. Defendant "Rodriguez" John Doe

By letter dated December 27, 2019, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the New York State Attorney General identified defendant "Rodriguez" John Doe as Sing Sing Correction Officer David O. Rodriguez. (Doc. #21).

As defendants can infer the claims plaintiff seeks to bring against David O. Rodriguez from the face of the complaint, the Court will direct the Clerk to add David O. Rodriguez to the docket as a defendant rather than require plaintiff to file an amended complaint.

In addition, to allow plaintiff to effect service defendant Rodriguez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons listing this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant. The service address for this defendant is appended to this Order.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

II.  Defendant John Doe

In the December 27 letter, the New York State Attorney General states, based on the allegations in the amended complaint, the remaining John Doe defendant could be one of twenty-five correction officers. (Doc. #21). As such, the identity of this defendant cannot be determined without further information from plaintiff.

Accordingly, by January 27, 2020, plaintiff is ORDERED to submit a letter to the Court providing a more detailed description of the John Doe defendant, so that this defendant can be identified and served. Helpful information concerning this defendant includes, but is not limited to, approximate height, weight, race or ethnicity, hair color, and any other distinguishing features.

Plaintiff also must notify the Court in writing if plaintiff's address changes, and the Court may dismiss the action if he fails to do so.

**CONCLUSION**

By January 27, 2020, plaintiff is ORDERED to submit a letter to the Court providing a more detailed description of the remaining John Doe defendant, so that this defendant can be identified and served.

The Clerk is directed to (i) terminate from the docket defendant "Rodriguez" John Doe, and (ii) add Correction Officer David O. Rodriguez to the docket as a defendant.

The Court also directs the Clerk of Court to complete the USM-285 forms with the address for the listed defendant and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk shall mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: December 30, 2019
       White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

APPENDIX

1.      Correction Officer David O. Rodriguez
         Sing Sing Correctional Facility
         354 Hunter Street
         Ossining, New York 10562