UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BYRON K. BROWN,
              Plaintiff,

v.

ANTHONY ANNUCCI, Commissioner;
MICHAEL CAPRA, Superintendent; F.
CARABALLO, Correctional Sergeant; J.
AYALA, Correctional Officer; S. AMARO,
Correctional Officer; V. YOUNG, Registered
Nurse; K. GREEN, Correctional Officer; T.
BOWEN, Correctional Officer; M. BARNES,
Correctional Captain; "RODRIGUEZ" JOHN
DOE, Correctional Officer; JOHN DOE,
Correctional Officer; M. ROYCE, Deputy
Superintendent of Security; D.
VENNETTOZZI, Director of Special
Housing; and L. MALIN, Deputy
Superintendent of Programs,
              Defendants.
------------------------------------------------------------x



**FOURTH AMENDED
ORDER OF SERVICE**

19 CV 9048 (VB)

Briccetti, J.:

Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated September 25, 2019, alleging defendants violated his constitutional rights. (Doc. # 2).

On October 29, 2019, the Court issued an Order of Service directing service of the complaint on twelve identified defendants. (Doc. #5). The Order of Service further directed the New York State Attorney General, by December 30, 2019, to ascertain and identify the two John Doe defendants named in the complaint—Correction Officers John Doe and "Rodriguez" John Doe—so that they may be served. (Id.).

Plaintiff filed an amended complaint dated November 13, 2019. (Doc. #7). The amended complaint named and identified an additional defendant, but also contained the same

1

allegations against John Doe and "Rodriguez" John Doe as stated in the original complaint. (Id.). On November 8, 2019, the Court issued an Amended Order of Service to effectuate service on the newly named defendant. (Doc. #8). This Order noted the New York Attorney General's obligation to ascertain and identify John Doe and "Rodriguez" Doe Joe remained in effect. (Id. at 1–2).

By letter dated December 27, 2019, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the New York State Attorney General identified defendant "Rodriguez" John Doe as Sing Sing Correction Officer David O. Rodriguez. (Doc. #21). Accordingly, on December 30, 2019, the Court issued a Second Amended Order of Service to effectuate service on David O. Rodriguez. (Doc. #23). However, the Attorney General's Office was unable to ascertain the identity of the remaining John Doe defendant based on the allegations in the amended complaint. (Doc. #21). Accordingly, the Second Amended Order of Service instructed plaintiff to provide a more detailed description of the John Doe defendant, so that this defendant can be identified and served. (Doc. #23 at 3).

By letter dated January 12, 2020, plaintiff informed the Court that the correct "Rodriguez" John Doe defendant is "Carlos J. Rodriguez," not David O. Rodriguez. (Doc. #27). Plaintiff's letter also provided a more detailed description of the other John Doe defendant. (Id.). Accordingly, on January 22, 2020, the Court issued a Third Amended Order of Service, directing the Marshal Service to effectuate service on Carlos J. Rodriguez and instructing defense counsel to ascertain the identity and badge number of the remaining John Doe defendant so that such defendant may be served. (Doc. #30).

By letter dated January 21, 2020, defense counsel informed the Court that defendant Bowen is out on leave from Sing Sing Correctional Facility and has not been served by the

2

Marshals Service. (Doc. #28). Accordingly, by Order that same day, the Court instructed defense counsel to ascertain and provide, by February 11, 2020, an address at which defendant Bowen may be served. (Doc. #29).

By letter dated February 10, 2020, defense counsel provided defendant Bowen's designated address for service. (Doc. #36). By letter dated February 18, 2020, defense counsel identified the remaining John Doe defendant as "C.O. Lervis Merejo," and provided an address for service on this defendant. (Doc. #39).

I. Defendant John Doe

Because defendant counsel identifies the John Doe defendant as "C.O. Lervis Merejo," the Court will direct the Clerk to terminate John Doe as a defendant in this case, and to add C.O. Lervis Merejo to the docket as a defendant.

In addition, to allow plaintiff to effect service on defendant Lervis Merejo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons listing this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant. The service address for this defendant is appended to this Order.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

II. Defendant Bowen

To allow plaintiff to effect service on defendant Carl T. Bowen through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue an amended summons as to this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant. The service address for this defendant is appended to this Order.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the amended summons is issued and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

## CONCLUSION

The Clerk is directed to (i) terminate from the docket defendant John Doe, and (ii) add Sing Sing Correction Officer Lervis Merejo to the docket as a defendant.

The Clerk is further directed to issue a summons as to defendant Lervis Merejo and an amended summons as to defendant Carl T. Bowen.

The Court also directs the Clerk of Court to complete USM-285 forms with the addresses for the listed defendants and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Clerk shall mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: February 18, 2020
       White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

APPENDIX

1. Correction Officer Lervis Merejo
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

2. Carl T. Bowen
   Department of Corrections and Community Supervision
   Harriman State Campus, Building 9
   1220 Washington Avenue
   Albany, New York 12226-2050