Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-7-22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BYRON K. BROWN,

                    Plaintiff,

v.

F. CARABALLO, J. AYALA, S. AMARO, and
CARLOS J. RODRIGUEZ,

                    Defendants.

------------------------------------------------------------x

**ORDER GRANTING
REQUEST FOR PRO BONO
COUNSEL**

19 CV 9048 (VB)

Briccetti, J.:

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance

for the purpose of representing the plaintiff in trial in the above-captioned case. Counsel will file

a Notice of Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

The in forma pauperis statute provides that the courts "may request an attorney to

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal

cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.

Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad

discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even

if a court does believe that a litigant should have a free lawyer, under the in forma pauperis

statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an

attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,

490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil

matters. Courts must therefore request the services of pro bono counsel sparingly, and with

reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer

time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d

170, 172–73 (2d Cir. 1989).

In Hodge, the Second Circuit Court of Appeals set forth the factors a court should

consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–

62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by

successfully applying for leave to proceed in forma pauperis. The court must then consider

whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken

seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider

such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major proof presented to
> the fact finder, the indigent's ability to present the case, the complexity of the
> legal issues[,] and any special reason in that case why appointment of counsel
> would be more likely to lead to a just determination.

Id.; see also Cooper v. A. Sargenti Co., 877 F.2d at 172 (listing factors courts should consider,

including litigant's efforts to obtain counsel). In considering these factors, district courts should

neither apply bright-line rules nor automatically deny the request for counsel until the application

has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir.

1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers,

802 F.2d at 61.

## DISCUSSION

Plaintiff filed a request to proceed in forma pauperis, which the Court granted. (See Doc.

3). Plaintiff therefore qualifies as indigent.

Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging defendant used excessive force

against plaintiff during an incident inside of plaintiff's cell on April 6, 2019, as well as

corresponding state-law claims for assault and battery.

The Court previously dismissed plaintiff's claims against other defendants and other claims against the remaining defendants in this action. (See Docs. ##56, 94). Accordingly, plaintiff's remaining claims are the Eighth Amendment excessive force claim and corresponding state-law assault and battery claims against defendants Caraballo, Ayala, Amaro, and Rodriguez. (See Doc. #94).

The Court finds that plaintiff's surviving claims are "likely to be of substance." Hodge v. Police Officers, 802 F.2d 61–62. The Court further finds that the other Hodge factors also weigh in favor of granting plaintiff's application. Plaintiff lacks the ability effectively to try the case. Should the case go to trial, plaintiff's and defendants' conflicting accounts of the incident in suit, and therefore the parties' credibility as witnesses, will be a central issue of fact that implicates the need for cross-examination. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." See id. at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this Order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the purposes described above. The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If an attorney volunteers, the attorney will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated:    October 7, 2022
          White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

4