UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BYRON K. BROWN,

                Plaintiff,

   -against-

ANTHONY ANNUCCI, et al.,

                Defendants.
------------------------------------------------------------x

1-19-23

**STIPULATION AND ORDER**

19 CV 9048 (VB)

## STIPULATION AND ~~PROTECTIVE~~ ORDER GOVERNING THE PRODUCTION OF CERTAIN DOCUMENTS AND INFORMATION

**WHEREAS,** Defendants have agreed to produce to Counsel for Plaintiff (1) a copy of the case file designated as Case File IAD/19/1071, prepared by the New York State Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigations ("OSI"), (2) the Sing Sing Correctional Facility Operations Manual No. 572 entitled "Cell Extractions," (3) DOCCS Directive No. 4944 entitled "Use of Force," (4) disciplinary hearing documents bearing Bates Nos. DEF 000024 and DEF 000026-33, and (5) unredacted, original versions of the documents bearing Bates Nos. DEF 000098 – DEF 000100 (collectively, the "Protected Records").

**WHEREAS,** said Protected Records include the names of witnesses and other information that Defendants believe could impair future investigations, implicate security concerns, and are protected from disclosure by law enforcement privilege.

**WHEREAS,** the OSI is concerned that its ability to conduct future investigations will be compromised if sufficient measures are not taken to protect the confidentiality of witnesses.

**WHEREAS,** Defendants agree to produce the Protected Records in advance of trial in reliance upon the assurance that the materials will continue to be treated as "CONFIDENTIAL

1

– ATTORNEYS EYES ONLY" pursuant to the terms set forth in this Stipulated Protective Order.

**IT IS THEREFORE AGREED AND STIPULATED,** by and among the parties that:

1. Copies of the Protected Records in redacted form bearing the designation "CONFIDENTIAL - ATTORNEYS EYES ONLY" will be produced to Plaintiff's attorney within fourteen (14) days of this agreement being executed by counsel for the parties.

2. Redactions shall include only the social security numbers and personal addresses of any employee of DOCCS or witness contained within the Protected Records.

3. The Protected Records may only be disclosed to the following:

    a. Plaintiff's counsel of record and employees of Plaintiff's counsel (e.g. secretaries, legal assistants, paralegals, clerical employees, outside copying and document management service employees working under the direct supervision of Plaintiff's counsel);

    b. The Court, its officers, and its employees;

    c. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents or transcripts; and

    d. Consultants, investigators, or experts engaged by Plaintiff's counsel to assist in the preparation and trial of this action.

4. <u>Prior</u> to disclosure to any individual set forth in paragraph 3(d) above, such individual <u>must</u> be informed of and agree in writing to be subject to the provisions of this Stipulated Protective Order requiring that the Protected Records and information contained therein be held in confidence. Such individual must further agree in writing to destroy or return

2

to the disclosing attorney twenty (20) days after termination of this litigation the part of the Protected Record received by such individual, and all copies thereof.

5. Plaintiff's counsel shall maintain a list setting forth the names and positions of all retained experts to whom any part of the Protected Records has been disclosed. The list shall be made available to Defendants' counsel upon written request in the event that Defendants' counsel has a reasonable basis for believing that this Stipulated Protective Order has been breached or violated in any manner.

6. The inadvertent failure to redact the information described in this agreement shall not constitute a waiver of any applicable privilege. In the event that counsel for either party becomes aware of the inadvertent failure to redact such information, the document shall be returned to Counsel for the Defendants and replaced with a corrected redacted document. The receiving party will not maintain any record with respect to the identity of the inadvertently disclosed information.

7. Nothing herein shall be deemed to waive any objection as to the admissibility of evidence.

8. Nothing herein shall be deemed to waive any applicable privilege.

9. Protected Records produced pursuant to the terms of this Stipulated Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action.

10. Within sixty (60) days after the final disposition of this litigation, including appeals, Counsel for Plaintiff shall: (a) return to Defense Counsel the original and/or all copies of the Protected Records designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" or destroy such material; and (b) submit to Defense Counsel a certification that such Protected Records have been returned or destroyed, as appropriate, and that no copies were retained.

11. If a dispute arises as to the application of the terms of this Stipulated Protective Order to any part of the Protected Records and cannot be resolved by agreement, the parties, in accordance with the applicable Federal and Local Rules of Civil Procedure, reserve the right to seek an order from the Court regarding the part of the Protected Records in dispute. The terms of this Stipulated Protective Order shall remain in effect pending resolution of the dispute.

12. Whenever a party seeks to file with the Court any Protected Records or any papers containing or revealing such information (including, but not limited to, any pleading, motion, brief, letter, affidavit or stipulation), the proposed filing shall be preceded by an application to the Court to file the papers or the portion thereof containing the designated information or documents (if such portion is severable) under seal. To the extent it does not conflict with the Court's order in response to an application to file Protected Records under seal, the filing party shall contemporaneously (i) file redacted copies of all papers, (ii) submit unredacted copies of such papers to the Court, and (iii) serve upon the other party unredacted copies of such papers.

13. The specific terms of this Stipulated Protective Order may be clarified or modified upon mutual written consent of the undersigned attorneys for the parties. Such clarification or modification will be produced in writing and appended to this agreement and made a part thereof.

14. The terms and conditions of this Stipulated Protective Order shall survive and remain in force after the termination of this action.

15. Until such time as this Stipulated Protective Order has been entered by the Court, the parties agree that upon execution by the parties, the Stipulated Protective Order will be treated as though it has been "So Ordered."

16. If a party intends to introduce at trial exhibits containing the Protected Records, the parties will meet and confer to determining whether the exhibits should be sealed. If they

agree that the exhibits should be sealed, they shall make an application in writing to the trial judge. If the parties cannot reach agreement that the exhibits should be sealed, Defendants may file a motion to seal in advance of trial. This Stipulated Protective Order shall remain in effect unless and until the Court denies the motion to seal. This Stipulated Protective Order shall otherwise remain in full force and effect and survive the termination of this action, unless it is modified, superseded or terminated on the record by agreement of the parties or by order of the Court.

Dated:   New York, NY
         January 17, 2023

_____
By: Christopher R. Fredmonski
One Manhattan West
New York, New York 10001-8602
(212) 735-3275
christopher.fredmonski@probonolaw.com

*Pro Bono Counsel for Plaintiff*

Dated: White Plains, NY
       January 18 2023

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants

_____
By: Kathryn Martin
Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, NY 10601
(914) 422-8615
Kathryn.martin@ag.ny.gov

SO ORDERED:

Dated: 1/19/2023

Hon. Vincent Briccetti
United States District Judge